**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

REALTIME DATA LLC d/b/a IXO,

      Plaintiff,

      v.

EVAULT, INC.,

      Defendant.

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST EVAULT, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Realtime Data LLC d/b/a IXO ("Plaintiff," "Realtime," or "IXO") makes the following allegations against Defendant EVault, Inc. ("EVault" or "Defendant"):

## PARTIES

1.      Realtime is a limited liability company organized under the laws of the State of New York. Realtime has a place of business at 66 Palmer Avenue, Suite 27, Bronxville, NY 10708. Since the 1990s, Realtime has researched and developed specific solutions for data compression, including, for example, those that increase the speeds at which data can be stored and accessed. As recognition of its innovations rooted in this technological field, Realtime holds 47 United States patents and has numerous pending patent applications. Realtime has licensed patents in this portfolio to many of the world's leading technology companies. The patents-in-suit relate to Realtime's development of advanced systems and methods for fast and efficient data compression using numerous innovative compression techniques based on, for example, particular attributes of the data.

2.　　　On information and belief, Defendant EVault, Inc. ("EVault") is a Delaware corporation with its principal place of business at 6001 Shellmound St, Emeryville, CA 94608.　On information and belief, EVault can be served through its registered agent, Corporation  Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3.　　　This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.　　　This Court has personal jurisdiction over Defendant EVault in this action because EVault has committed acts within the District of Delaware giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over EVault would not offend traditional notions of fair play and substantial justice.  EVault, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

5.　　　Venue is proper in this district under 28 U.S.C. § 1400(b).  Evault is incorporated in Delaware, and resides in this District.  Upon information and belief, Defendant has transacted business in the District of Delaware, has committed acts of direct and indirect infringement in this District, and has a regular and established place of business in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,054,728

6.      Plaintiff realleges and incorporates by reference the foregoing paragraphs above, as if fully set forth herein.

7.      Plaintiff Realtime is the owner by assignment of United States Patent No. 9,054,728 ("the '728 Patent") entitled "Data compression systems and methods." The '728 Patent was duly and legally issued by the United States Patent and Trademark Office on June 9, 2015.  A true and correct copy of the '728 Patent is included as Exhibit A.

### EVault

8.      On information and belief, EVault has offered for sale, sold and/or imported into the United States EVault products that infringe the '728 Patent, and continues to do so.  By way of illustrative example, these infringing products include, without limitation, EVault's products and services, *e.g.*, EVault, EVault Hybrid Backup, E2 hybrid backup, and all versions and variations thereof since the issuance of the '728 Patent ("Accused Instrumentality").

9.      On information and belief,  EVault has directly infringed and continues to infringe the '728 Patent, for example, through its own use and testing of the Accused Instrumentality, which constitute systems for compressing data claimed by Claim 1 of the '728 Patent, comprising a processor; one or more content dependent data compression encoders; and a single data compression encoder; wherein the processor is configured: to analyze data within a data block to identify one or more parameters or attributes of the data wherein the analyzing of the data within the data block to identify the one or more parameters or attributes of the data excludes analyzing based solely on a descriptor that is

indicative of the one or more parameters or attributes of the data within the data block; to perform content dependent data compression with the one or more content dependent data compression encoders if the one or more parameters or attributes of the data are identified; and to perform data compression with the single data compression encoder, if the one or more parameters or attributes of the data are not identified.  Upon information and belief, EVault uses the Accused Instrumentality, an infringing system, for its own internal non-testing business purposes, while testing the Accused Instrumentality, and while providing technical support and repair services for the Accused Instrumentality to EVault's customers.

10.     On information and belief, both EVault has had knowledge of the '728 Patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, EVault knew of the '728 Patent and knew of their infringement, including by way of this lawsuit.

11.     EVault's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentality have induced and continue to induce users of the Accused Instrumentality to use the Accused Instrumentality in its normal and customary way on compatible systems to infringe the '728 Patent, knowing that when the Accused Instrumentality is used in its ordinary and customary manner with such compatible systems, such systems constitute infringing systems for compressing data comprising; a processor; one or more content dependent data compression encoders; and a single data compression encoder; wherein the processor is configured: to analyze data within a data block to identify one or more parameters or attributes of the data wherein the analyzing of the data within the data block to identify the one or more parameters or

attributes of the data excludes analyzing based solely on a descriptor that is indicative of the one or more parameters or attributes of the data within the data block; to perform content dependent data compression with the one or more content dependent data compression encoders if the one or more parameters or attributes of the data are identified; and to perform data compression with the single data compression encoder, if the one or more parameters or attributes of the data are not identified.  For example, EVault explains that, "DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups."  *See, e.g.*, https://www.evault.com/products/cloud/.  EVault specifically intended and were aware that the normal and customary use of the Accused Instrumentality on compatible systems would infringe the '728 Patent.  EVault performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '728 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, EVault engaged in such inducement to promote the sales of the Accused Instrumentality, *e.g.,* through EVault's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '728 Patent.  Accordingly, EVault has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '728 Patent, knowing that such use of the Accused Instrumentality with compatible systems will result in infringement of the '728 Patent.

12.     EVault also indirectly infringes the '728 Patent by manufacturing, using, selling, offering for sale, and/or importing the accused products, with knowledge that the

accused products were and are especially manufactured and/or especially adapted for use in infringing the '728 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  On information and belief, the Accused Instrumentality is designed to function with compatible hardware to create systems for compressing data comprising; a processor; one or more content dependent data compression encoders; and a single data compression encoder; wherein the processor is configured: to analyze data within a data block to identify one or more parameters or attributes of the data wherein the analyzing of the data within the data block to identify the one or more parameters or attributes of the data excludes analyzing based solely on a descriptor that is indicative of the one or more parameters or attributes of the data within the data block; to perform content dependent data compression with the one or more content dependent data compression encoders if the one or more parameters or attributes of the data are identified; and to perform data compression with the single data compression encoder, if the one or more parameters or attributes of the data are not identified.  Because the Accused Instrumentality is designed to operate as the claimed system for compressing input data, the Accused Instrumentality has no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  EVault's manufacture, use, sale, offering for sale, and/or importation of the Accused Instrumentality constitutes contributory infringement of the '728 Patent.

13.     The Accused Instrumentality is a system for compressing data, comprising a processor.  For example, the Accused Instrumentality can be used with a physical appliance containing a processor and/or a cloud backup server containing a processor.

*See, e.g.*,   https://www.Carbonite.com/en/cloud-backup/business/products/e2-hybrid-backup/ ("LOCAL BACKUP - for rapid recovery OFFSITE BACKUP - for redundant data protection.").

14.     The Accused Instrumentality is a system for compressing data, comprising one or more content dependent data compression encoders.  For example, the Accused Instrumentality performs change block tracking, which is a form of deduplication and is a content dependent data compression encoder.  Performing deduplication results in representation of data with fewer bits.  *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

15.     The Accused Instrumentality comprises a single data compression encoder.  For example, the Accused Instrumentality compresses unique data that has been deduplicated.    *See,   e.g.*,   https://www.evault.com/products/cloud/   ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

16.     The Accused Instrumentality analyzes data within a data block to identify one or more parameters or attributes of the data, for example, whether the data is changed compared to the previous backup, where the analysis does not rely only on the descriptor.  *See,   e.g.*,   https://www.evault.com/products/cloud/ ("HIGHLY  EFFICIENT:  DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

17.     The   Accused   Instrumentality   performs   content   dependent   data compression with the one or more content dependent data compression encoders if the

one or more parameters or attributes of the data are identified. *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

18. The Accused Instrumentality performs data compression with the single data compression encoder, if the one or more parameters or attributes of the data are not identified. *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

19. EVault also infringes other claims of the '728 Patent, directly and through inducing infringement and contributory infringement, for similar reasons as explained above with respect to Claim 1 of the '728 Patent.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentality, and touting the benefits of using the Accused Instrumentality's compression features, EVault has injured Realtime and is liable to Realtime for infringement of the '728 Patent pursuant to 35 U.S.C. § 271.

21. As a result of EVault's infringement of the '728 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for EVault's infringement, but in no event less than a reasonable royalty for the use made of the invention by EVault, together with interest and costs as fixed by the Court.

<u>**COUNT II**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 7,415,530**</u>

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs above, as if fully set forth herein.

23.     Plaintiff Realtime is the owner by assignment of United States Patent No. 7,415,530 ("the '530 Patent") entitled "System and methods for accelerated data storage and retrieval."  The '530 Patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2008.  A true and correct copy of the '530 Patent is included as Exhibit B.

**EVault**

24.     On information and belief, EVault has offered for sale, sold and/or imported into the United States EVault products that infringe the '530 Patent, and continues to do so.  By way of illustrative example, these infringing products include, without limitation, EVault's products and services, e.g., EVault, EVault Hybrid Backup, E2 hybrid backup, and all versions and variations thereof since the issuance of the '530 Patent ("Accused Instrumentality").

25.     On information and belief, EVault has directly infringed and continues to infringe the '530 Patent, for example, through its own use and testing of the Accused Instrumentality, which constitutes a system comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device, said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data

descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block.  Upon information and belief, EVault uses the Accused Instrumentality, an infringing system, for its own internal non-testing business purposes, while testing the Accused Instrumentality, and while providing technical support and repair services for the Accused Instrumentality to Evault's customers.

26.   On information and belief, EVault has had knowledge of the '530 Patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, EVault knew of the '530 Patent and knew of their infringement, including by way of this lawsuit.

27.   Upon information and belief, EVault's affirmative acts of making, using, and selling the Accused Instrumentalities, and providing implementation services and technical support to users of the Accused Instrumentalities, have induced and continue to induce users of the Accused Instrumentalities to use them in their normal and customary way to infringe Claim 1 of the '530 Patent by making or using a system comprising: a memory device; and a data accelerator, wherein said data accelerator is coupled to said memory device, a data stream is received by said data accelerator in received form, said data stream includes a first data block and a second data block, said data stream is compressed by said data accelerator to provide a compressed data stream by compressing said first data block with a first compression technique and said second data block with a second compression technique, said first and second compression techniques are different, said compressed data stream is stored on said memory device, said compression and

storage occurs faster than said data stream is able to be stored on said memory device in said received form, a first data descriptor is stored on said memory device indicative of said first compression technique, and said first descriptor is utilized to decompress the portion of said compressed data stream associated with said first data block.  For example, EVault explains that, "DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups."  *See, e.g.*, https://www.evault.com/products/cloud/.  For similar reasons, EVault also induces its customers to use the Accused Instrumentalities to infringe other claims of the '530 Patent.  EVault specifically intended and was aware that these normal and customary activities would infringe the '530 Patent.  EVault performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '530 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, EVault engaged in such inducement to promote the sales of the Accused Instrumentalities.  Accordingly, EVault has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '530 Patent, knowing that such use constitutes infringement of the '530 Patent.

28.     The Accused Instrumentality evidently includes the memory device and includes the data accelerator, wherein said data accelerator is coupled to said memory device.  For example, the Accused Instrumentality can be used with a physical appliance containing a memory device and/or a cloud backup server containing a memory device. *See, e.g.*,     https://www.Carbonite.com/en/cloud-backup/business/products/e2-hybrid-

backup/ ("LOCAL BACKUP - for rapid recovery OFFSITE BACKUP - for redundant data protection.").

29.     The Accused Instrumentality receives an incoming stream of data.  *See, e.g.*, https://www.evault.com/products/cloud/ ("Cloud backup is a versatile, critical part of a modern data protection plan … Your data is protected automatically, via 256-bit private key encryption and TLS during transmission.").

30.     The first and second compression techniques used by the Accused Instrumentality described above are necessarily different.  *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

31.     After compression, said compressed data stream is stored on said memory device.  *See, e.g.*, https://www.evault.com/products/cloud/ ("Cloud backup is a versatile, critical part of a modern data protection plan … Your data is protected automatically, via 256-bit private key encryption and TLS during transmission.").

32.     Said compression and storage occurs faster than said data stream is able to be stored on said memory device in said received form.  *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

33.     The Accused Instrumentality would evidently store a first data descriptor said memory device indicative of said first compression technique, and utilize said first descriptor to decompress the portion of said compressed data stream associated with said first data block.  *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY

EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

34.     On information and belief, EVault also infringes, directly and through induced infringement, and continues to infringe other claims of the '530 Patent, for similar reasons as explained above with respect to Claim 1 of the '530 Patent.

35.     On information and belief, use of the Accused Instrumentality in its ordinary and customary fashion results in infringement of the methods claimed by the '530 Patent.

36.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' compression features, EVault has injured Realtime and is liable to Realtime for infringement of the '530 Patent pursuant to 35 U.S.C. § 271.

37.     As a result of EVault's infringement of the '530 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for EVault's infringement, but in no event less than a reasonable royalty for the use made of the invention by EVault, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,116,908

38.     Plaintiff Realtime realleges and incorporates by reference the foregoing paragraphs above, as if fully set forth herein.

39.     Plaintiff Realtime is the owner by assignment of United States Patent No. 9,116,908 ("the '908 Patent") entitled "System and methods for accelerated data storage and retrieval."  The '908 Patent was duly and legally issued by the United States Patent

and Trademark Office on August 25, 2015. A true and correct copy of the '908 Patent is included as Exhibit C.

**EVault**

40.    On information and belief, EVault has offered for sale, sold and/or imported into the United States EVault products that infringe the '908 Patent, and continues to do so.  By way of illustrative example, these infringing products include, without limitation, EVault's products and services, *e.g.*, EVault, EVault Hybrid Backup, E2 hybrid backup, and all versions and variations thereof since the issuance of the '908 Patent ("Accused Instrumentality").

41.    On information and belief, EVault has directly infringed and continues to infringe the '908 Patent, for example, through its own use and testing of the Accused Instrumentality, which constitutes a system comprising: a memory device; and a data accelerator configured to compress: (i) a first data block with a first compression technique to provide a first compressed data block; and (ii) a second data block with a second compression technique, different from the first compression technique, to provide a second compressed data block; wherein the compressed first and second data blocks are stored on the memory device, and the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form. Upon information and belief, EVault uses the Accused Instrumentality, an infringing system, for its own internal non-testing business purposes, while testing the Accused Instrumentality, and while providing technical support and repair services for the Accused Instrumentality to EVault's customers.

42.     On information and belief, use of the Accused Instrumentality in its ordinary and customary fashion results in infringement of the systems claimed by the '908 Patent.

43.     On information and belief, EVault has had knowledge of the '908 Patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, EVault knew of the '908 Patent and knew of its infringement, including by way of this lawsuit.

44.     Upon information and belief, EVault's affirmative acts of making, using, and selling the Accused Instrumentalities, and providing implementation services and technical support to users of the Accused Instrumentalities, have induced and continue to induce users of the Accused Instrumentalities to use them in their normal and customary way to infringe Claim 1 of the '908 Patent by making or using a system comprising: a memory device; and a data accelerator configured to compress: (i) a first data block with a first compression technique to provide a first compressed data block; and (ii) a second data block with a second compression technique, different from the first compression technique, to provide a second compressed data block; wherein the compressed first and second data blocks are stored on the memory device, and the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form.   For example, EVault explains that, "DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups."   *See, e.g.*, https://www.evault.com/products/cloud/.   For similar reasons, EVault also induces its customers to use the Accused Instrumentalities to infringe other claims of the '908 patent.   EVault specifically intended and was aware that these normal

15

and customary activities would infringe the '908 Patent.  EVault performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '908 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, EVault engaged in such inducement to promote the sales of the Accused Instrumentalities.  Accordingly, EVault has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '908 Patent, knowing that such use constitutes infringement of the '908 Patent.

45.     The Accused Instrumentality evidently includes a memory device and a data accelerator configured to compress: (i) a first data block with a first compression technique to provide a first compressed data block; and (ii) a second data block with a second compression technique, different from the first compression technique, to provide a second compressed data block.  For example, the Accused Instrumentality can be used with a physical appliance containing a memory device and/or a cloud backup server containing a memory device.  *See, e.g.*, https://www.Carbonite.com/en/cloud-backup/business/products/e2-hybrid-backup/ ("LOCAL BACKUP - for rapid recovery OFFSITE BACKUP - for redundant data protection.").  The Accused Instrumentality compresses (i) a first data block with a first compression technique to provide a first compressed data block; and (ii) a second data block with a second compression technique, different from the first compression technique, to provide a second compressed data block.  *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT:

DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

46.     The Accused Instrumentality stores the compressed first and second data blocks on the memory device, and the compression and storage occurs faster than the first and second data blocks are able to be stored on the memory device in uncompressed form. *See, e.g.*, https://www.evault.com/products/cloud/ ("Cloud backup is a versatile, critical part of a modern data protection plan . . . Your data is protected automatically, via 256-bit private key encryption and TLS during transmission. . . . HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

47.     On information and belief, EVault also infringes, directly and through induced infringement, and continues to infringe other claims of the '908 Patent, for similar reasons as explained above with respect to Claim 1 of the '908 Patent.

48.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' compression features, EVault has injured Realtime and is liable to Realtime for infringement of the '908 Patent pursuant to 35 U.S.C. § 271.

49.     As a result of EVault's infringement of the '908 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for EVault's infringement, but in no event less than a reasonable royalty for the use made of the invention by EVault, together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,717,204

50.     Plaintiff realleges and incorporates by reference the foregoing paragraphs above, as if fully set forth herein.

51.     Plaintiff Realtime is the owner by assignment of United States Patent No. 8,717,204 (the "'204 Patent") entitled "Methods for encoding and decoding data." The '204 Patent was duly and legally issued by the United States Patent and Trademark Office on May 6, 2014.  A true and correct copy of the '204 Patent is included as Exhibit D.

### EVault

52.     On information and belief, EVault has offered for sale, sold and/or imported into the United States EVault products that infringe the '204 Patent, and continues to do so.  By way of illustrative example, these infringing products include, without limitation, EVault's products and services, *e.g.*, EVault, EVault Hybrid Backup, E2 hybrid backup, and all versions and variations thereof since the issuance of the '204 Patent ("Accused Instrumentality").

53.     On information and belief, EVault has directly infringed and continues to infringe the '204 Patent, for example, through its own use and testing of the accused products to practice compression methods claimed by the '204 Patent, including a method for processing data, the data residing in data fields, comprising: recognizing any characteristic, attribute, or parameter of the data; selecting an encoder associated with the recognized characteristic, attribute, or parameter of the data; compressing the data with the selected encoder utilizing at least one state machine to provide compressed data having a compression ratio of over 4:1; and point-to-point transmitting the compressed

data to a client; wherein the compressing and the transmitting occur over a period of time which is less than a time to transmit the data in an uncompressed form. On information and belief, EVault uses the Accused Instrumentality in its ordinary and customary fashion for its own internal non-testing business purposes, while testing the Accused Instrumentality, and while providing technical support and repair services for the Accused Instrumentality to EVault's customers, and use of the Accused Instrumentality in its ordinary and customary fashion results in infringement of the methods claimed by the '204 Patent.

54. On information and belief, EVault has had knowledge of the '204 Patent since at least the filing of this Complaint or shortly thereafter, and on information and belief, EVault knew of the '204 Patent and knew of their infringement, including by way of this lawsuit.

55. EVault's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentality have induced and continue to induce users of the Accused Instrumentality to use the Accused Instrumentality in its normal and customary way to infringe the '204 Patent by practicing compression methods claimed by the '204 Patent, including a method for processing data, the data residing in data fields, comprising: recognizing any characteristic, attribute, or parameter of the data; selecting an encoder associated with the recognized characteristic, attribute, or parameter of the data; compressing the data with the selected encoder utilizing at least one state machine to provide compressed data having a compression ratio of over 4:1; and point-to-point transmitting the compressed data to a client; wherein the compressing and the transmitting occur over a period of time which is less than a time to transmit the data in

an uncompressed form.  For example, EVault explains that, "DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups."  *See, e.g.*, https://www.evault.com/products/cloud/.  EVault specifically intended and were aware that the normal and customary use of the Accused Instrumentality on compatible systems would infringe the '204 Patent.  EVault performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '204 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, EVault engaged in such inducement to promote the sales of the Accused Instrumentality, *e.g.,* through EVault's user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '204 Patent.  Accordingly, EVault has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '204 Patent, knowing that such use of the Accused Instrumentality with compatible systems will result in infringement of the '204 Patent.

56.     The Accused Instrumentality practices a method for processing data, the data residing in data fields.  *See, e.g.*, https://www.evault.com/products/cloud/ ("Your data is protected automatically, via 256-bit private key encryption and TLS during transmission. . . . DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

57.     The Accused Instrumentality recognizes any characteristic, attribute, or parameter of the data.  For example, the Accused Instrumentality performs change block

tracking, which recognizes whether a data block has changed since a previous backup. *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

58. The Accused Instrumentality selects an encoder associated with the recognized characteristic, attribute, or parameter of the data. For example, if the Accused Instrumentality recognizes that a data block has not changed since a previous backup, it will encode the data block using a reference to the previously stored data block. *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

59. Upon information and belief, the Accused Instrumentality compresses the data with the selected encoder utilizing at least one state machine to provide compressed data having a compression ratio of over 4:1. *See, e.g.*, https://www.evault.com/products/cloud/ ("HIGHLY EFFICIENT: DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups.").

60. The Accused Instrumentality point-to-point transmits the compressed data to a client. *See, e.g.*, https://www.evault.com/products/cloud/ ("If you have a smaller data footprint or simply don't have space for on-site hardware, EVault offers direct to cloud backup solutions. Install the EVault software on your servers, and you're done! … If sending large amounts of data over the network is too slow or costly, you can move data to the cloud with EVault Data Transfer Services. You'll receive a temporary backup appliance to accelerate the transfer of multiple terabytes from multiple servers. The appliance is shipped to and from your datacenter, and it replicates your data to the target

cloud. . . . Your data is protected automatically, via 256-bit private key encryption and TLS during transmission.").

61.     In the Accused Instrumentality, the compressing and the transmitting occur over a period of time which is less than a time to transmit the data in an uncompressed form.   *See, e.g.*,   https://www.evault.com/products/cloud/   ("**HIGHLY EFFICIENT:** DeltaPro change block tracking and compression reduce LAN and internet bandwidth use during backups. … Shorten backup windows and accelerate recovery with bare metal restore to dissimilar hardware and remote file and folder restore.").

62.     On information and belief, EVault also infringes, directly and through induced infringement, and continues to infringe other claims of the '204 Patent, for similar reasons as explained above with respect to Claim 12 of the '204 Patent.

63.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, and touting the benefits of using the Accused Instrumentalities' compression features, EVault has injured Realtime and is liable to Realtime for infringement of the '204 Patent pursuant to 35 U.S.C. § 271.

64.     As a result of EVault's infringement of the '204 Patent, Plaintiff Realtime is entitled to monetary damages in an amount adequate to compensate for EVault's infringement, but in no event less than a reasonable royalty for the use made of the invention by EVault, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Realtime respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that EVault have infringed, either literally and/or under the doctrine of equivalents, the '728 Patent, the '530 Patent, the '908 Patent, and the '204 Patent;

b.      A permanent injunction prohibiting EVault from further acts of infringement of the '728 Patent, the '530 Patent, the '908 Patent, and the '204 Patent;

c.      A judgment and order requiring EVault to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the '728 Patent, the '530 Patent, the '908 Patent, and the '204 Patent; and

d.      A judgment and order requiring EVault to provide an accounting and to pay supplemental damages to Realtime, including without limitation, prejudgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

July 17, 2017

OF COUNSEL:

Mark A. Fenster
Reza Mirzaie
Adam S. Hoffman
Paul A. Kroeger
C. Jay Chung
James N. Pickens
Philip X. Wang
Christian Conkle
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
(310) 826-7474
Los Angeles, CA 90025-1031

BAYARD, P.A.

*/s/  Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff*
*Realtime Data LLC d/b/a IXO*